Vreeland *v.* Clafflin.

VREELAND *vs.* CLAFFLIN and others.

1. A conveyance of lands, not left for record within fifteen days after execution and delivery, is void as against a future creditor of the grantor, who obtains a judgment against him at any time prior to the registry of the conveyance, or to actual notice thereof.

2. Such lands are liable for the debt in the hands of any subsequent grantee, though the deed to the debtor was not recorded until after the judgment was recovered, and the judgment creditor was then ignorant of the debtor's prior ownership.

Argued on bill and demurrer.

*Mr. Hageman,* for the demurrer.

*Mr. Kingman,* contra.

THE VICE-CHANCELLOR.

On the 22d of December, 1858, Clafflin & Co., some of the defendants, recovered in the Supreme Court of this state, a judgment against Henry S. Voorhees for $529.81. An execution was issued, and levied on certain lands as the property of Voorhees, and the sheriff was about to make sale. The complainant, who was the true owner when the judgment was recovered, filed his bill, and an injunction was issued restraining the sale. A general demurrer was put in, and the cause, as thus situated, has been argued.

The premises levied on were conveyed to Henry S. Voorhees on the 27th of March, 1850, by one Skillman and wife, but the deed was not left for record till April 7th, 1871. On the 12th of February, 1853, Henry S. Voorhees conveyed to John A. Voorhees, but the deed was not left for record till April 11th, 1871. On the 1st of April, 1864, John A. Voorhees conveyed to the complainant, whose deed was recorded January 5th, 1865.

The above are the essential allegations of the bill. It is not charged that the judgment creditors had notice of the conveyance by Henry S. Voorhees, and no facts are set up showing any equity in the complainant, beyond the averment that Voorhees " has had no right or interest in the premises conveyed since his deed, and that, a short time thereafter, he removed therefrom." I can discover nothing in the bill to exempt the complainant from the legal consequences of his act in taking the conveyance without investigating the title. The legal consequences referred to arise from the eighteenth section of the act respecting conveyances. _Nix. Dig._, 4th Ed., _p._ 146. The provision is, that every deed or conveyance of lands shall be void and of no effect against a subsequent judgment creditor or bona fide purchaser or mortgagee for a valuable consideration, not having notice thereof, unless such deed or conveyance shall be acknowledged or proved and recorded, or lodged for that purpose, within fifteen days after the time of signing, sealing, and delivering the same.

It cannot help the complainant's case, that the deed to Voorhees was not recorded till after the judgment was recovered, or that the judgment creditors were then ignorant that the premises had been owned by him. As against Clafflin & Co., he was seized of the premises as fully as if the deed to him from Skillman had been duly recorded, and as against them, he remained so seized, in contemplation of law, because the deed made by him had not been recorded or notice of it given to Clafflin & Co., and was, for that reason, void and of no effect. When a judgment is recovered, the

creditors who recover it may not know that any lands are owned by the defendant, but are entitled, notwithstanding such ignorance, to levy upon whatever lands may afterwards be discovered. That Clafflin & Co. did not become the creditors of Voorhees upon the faith or credit that he owned the lands in question, can certainly raise no equity upon which the bill, as framed in this case, can be supported.

I shall advise that the demurrer be sustained, and the injunction dissolved.